**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br><br>Subpoena to P.C. Richard & Son, LLC | Case No. 2:25-mc-01817-SJB-LGD<br><br>**<u>HANSHOW'S OPPOSITION TO VUSIONGROUP'S MOTION TO QUASH</u>** |

## TABLE OF CONTENTS


I. Introduction ........ 1

II. Background ........ 2

III. Argument ........ 5

A. VusionGroup lacks standing to move to quash this third-party subpoena ........ 5

B. Hanshow's Definition of Accused Products Exclude Products that Do Not Operate in Conjunction with a Camera ........ 8

C. P.C. Richard Likely Possesses Relevant and Responsive Information ........ 9

IV. Conclusion ........ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1782 of Japan Display Inc. v. Tianma Am., Inc.*,
No. 221MC00374CASMAAX, 2021 WL 5990191 (C.D. Cal. Oct. 1, 2021)........................11

*Adomni, Inc. v. CT Media, LLC*,
2024 WL 4981510 (S.D.N.Y., 2024)........................................................................6

*Albany Molecular Research, Inc. v. Schloemer*,
274 F.R.D. 22 (D.D.C. 2011)....................................................................................8

*Bavely, Tr. of AAA Sports, Inc. v. Panini Am. Inc.*,
No. 4:22-CV-092, 2023 WL 3686806 (E.D. Tex. Jan. 27, 2023) ..............................10

*Cross Sound Cable Co., LLC v. Long Island Lighting Co.*,
No. 21CV2771KAMARL, 2023 WL 5822288 (E.D.N.Y. May 3, 2023) ......................5

*Forsythe v. Midland Funding LLC*,
No. 18CV03276ARRCLP, 2019 WL 245459 (E.D.N.Y. Jan. 17, 2019) ........................5

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
318 F.Supp. 1116 (S.D.N.Y., 1970) ....................................................................11, 12

*Hillerich & Bradsby Co. v. MacKay*,
26 F. Supp. 2d 124 (D.D.C. 1998)............................................................................7

*Sky Medical Supply Inc. v. SCS Support Claim Services, Inc.*,
2017 WL 1133349 (E.D.N.Y., 2017).....................................................................6, 7

*STA Grp. LLC v. Motorola Sols., Inc.*,
No. 2:23-CV-00030-JRG-RSP, 2023 U.S. Dist. LEXIS 219905 (E.D. Tex.
Dec. 11, 2023)...........................................................................................................9

*Universitas Educ., LLC v. Nova Group, Inc.*,
2013 WL 57892 (S.D.N.Y. 2013)..............................................................................6

**Other Authorities**

Federal Rule of Civil Procedure 45 ........................................................................ *passim*

## I. **Introduction**

Hanshow Technology Co., Ltd. and Shanghai Hanshi Information Technology Co., Ltd. (collectively, Hanshow) and VusionGroup SA (f/k/a SES-imagotag SA), VusionGroup GmbH (f/k/a SES-imagotag GmbH), and Captana GmbH (collectively, VusionGroup) are parties to a patent infringement lawsuit in the Eastern District of Texas—*Hanshow Technology Co., Ltd. et al. v. VusionGroup SA et al.*, No. 23-cv-00617-RWS-RSP (E.D. Tex.) (the "E.D. Tex. Case"). P.C. Richard & Son ("P.C. Richard") is a customer of VusionGroup headquartered in this District. On April 22, 2025, Hanshow served a subpoena to P.C. Richard seeking information to support its arguments in the E.D. Tex. Case. *See* DE [001-3] (Ex. 1), P.C. Richard Subpoena. P.C. Richard has not responded to Hanshow's subpoena. Instead, on the day objections were due, VusionGroup filed the instant Motion to Quash. In its Motion, in the alternative to the Court quashing the subpoena, VusionGroup alternatively requested that the Court transfer its Motion to the Eastern District of Texas. While Hanshow does not oppose VusionGroup's transfer request, it submits that VusionGroup's Motion to Quash lacks merit and should be denied for several reasons.

First, VusionGroup lacks standing to move to quash the third-party subpoena. P.C. Richard, not VusionGroup, is the subpoenaed party, and VusionGroup's general and inflated claims of personal right fail to meet the high bar required for a non-subpoenaed party to establish standing to quash a subpoena. Second, even if VusionGroup had standing to challenge the subpoena due to allegations of undue burden, which it does not, when reasonably interpreted, the subpoena is not unduly burdensome to P.C. Richard. Hanshow seeks a specific set of documents relevant to its case, many of which can only be obtained from P.C. Richard. Lastly, VusionGroup's claim of personal right in all responsive materials is necessarily mistaken. Should any responsive information be confidential, P.C. Richard can designate it with one of three confidentiality designations set forth in the Protective Order that was entered in the E.D. Tex. Case.

At base, VusionGroup's Motion is nothing more than an improper, and unfounded, attempt to prevent Hanshow from obtaining relevant and responsive discovery. Accordingly, Hanshow respectfully submits that VusionGroup's Motion should be denied.

## II. <u>Background</u>

The underlying litigation is a patent infringement lawsuit filed by Hanshow in the Eastern District of Texas, *Hanshow Technology Co., Ltd. et al v. SES-imagotag SA et al*[1], No. 2:23-cv-00617-RWS-RSP (E.D. Tex.), asserting U.S. Patent No. 10,701,321 ("the '321 Patent") and U.S. Patent No. 11,087,272 ("the '272 Patent") (collectively, the "Asserted Patents").

The '272 Patent relates to devices and methods "for product or other inventory monitoring." Docket Entry ("DE") [001-3], Ex. 2 at 1:57–59. The '272 Patent addresses the issues with the prior art planogram solutions and provides a low cost, accurate, and scalable solution, using an innovative multiple camera sensor suite capable of accurately monitoring retail or warehouse product inventory without needing an initial planogram. *Id*. at 1:17-20. The '272 Patent's inventory monitoring camera system can be used for detecting shelf labels; defining a product bounding box; associating the bounding box to a shelf label to build training data set; and using the training data set to train a product classifier. *Id.* at 1:65-2:3.

The '321 Patent is directed to novel and unconventional devices and methods for "a system and method of distributed analysis of image data in a video surveillance system." DE [001-3], Ex. 3, atAbstract). The Patent discloses a video surveillance system that separates the image data analysis into separate object detection and object analysis functions or systems. *Id.* at 2:9-10. The object detection system detects objects of interest and classes of objects of interest within the image data. *Id*. at 2:11-12. The object analysis system then analyzes the image data including the detected

---

[1] As noted above, SES-imagotag is VusionGroup.

objects of interest, in one example, to recognize (e.g. identify) the detected objects of interest. *Id.* at 2:12-15. As a result, only image data that includes the detected objects of interest needs to be sent over the data network for object analysis by the local or remote video analytics systems. *Id.* at 2:41-44.

As VusionGroup notes, Hanshow served infringement contentions on March 20, 2024 and amended infringement contentions on August 9, 2024. These contentions put VusionGroup on notice of which products are accused. While VusionGroup's Motion selectively quotes the scope of Accused Products and represents that they only encompass cameras (DE [001-1] at 5), VusionGroup is incorrect. As can be seen in the August 9, 2024 infringement contentions, Hanshow defines the Accused Products as:

> [T]he VUSION digital shelf platform and components thereof, which includes, the Captana camera products such as the Captana ShelfEye camera and the Captana StoreEye 360 Camera, access points, Captana-related software products and/or VUSION Electronic Shelf Labels ("ESLs") . . .

Ex. 4 at 2-3. That is because the Asserted Patents claim systems and methods that include components above and beyond he accused Captana cameras. These components, as expressly recited in the '272 Patent, include VusionGroup's ESLs.

The E.D. Tex. Court set a deadline to complete fact discovery by August 22, 2025, and a deadline for substantial completion of discovery of March 4, 2025. *Hanshow Technology Co., Ltd. et al. v. VusionGroup SA et al.*, No. 2:23-cv-00617-RWS-RSP (E.D. Tex.), DE [67, 68]. The E.D. Tex. Court also entered a Protective Order. DE [002-1]; *see also Hanshow Technology*, No. 2:23-cv-00617-RWS-RSP, DE [45]. The Protective Order includes three levels of confidentiality under which information can be provided: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "RESTRICTED CONFIDENTIAL SOURCE CODE." DE [002-1], ¶ 1. The Protective Order also includes express provisions establishing that the scope of

the Protective Order, including the confidentiality designations cover "any discovery [that] is taken of Non-Parties" and that "such Non-Parties may produce such discovery according to this Order" and "may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Non-Parties." *Id.* at ¶¶ 19-20.

Hanshow notified VusionGroup of, and served its subpoena, on P.C. Richard on April 22, 2025, providing P.C. Richard sufficient time to review the subpoena, and discuss the scope of the Requested Documents and Communications ("Requests") and Deposition Topics ("Topics") before the close of fact discovery.

The subpoena requests the following information:

(a) References to the Asserted Patents or litigation, including documents and communications referring or relating to the Asserted patents, the related E.D.Tex. litigation, or patent owner Hanshow (the party issuing the subpoena) (Requests 1–3; Deposition Topics 7–8);

(b) Interactions with VusionGroup, including documents and communications related to P.C. Richard's transactions and communications with VusionGroup related to the Accused Products (Requests 4–5 and 8; Deposition Topics 2, 5–6 ,and 8);

(c) Internal Analysis, including documents and communications related to P.C. Richard's "internal evaluation," selection, and implementation of the Accused Products (Requests 6, 7, and 9; Deposition Topics 1–4); and

(d) Competitive Analysis, including documents showing P.C. Richard's "preferences" for the Accused Products and competitive ESL Systems (Request 10; Deposition

Topics 2–4).

To date, P.C. Richard has not responded.

## III. Argument

### A. VusionGroup lacks standing to move to quash this third-party subpoena

VusionGroup lacks standing to bring its Motion. It is well-established that under "[a] plain reading of [Rule 45] . . . only a person to whom the subpoena is issued may seek to quash the subpoena." *Cross Sound Cable Co., LLC v. Long Island Lighting Co.*, No. 21CV2771KAMARL, 2023 WL 5822288, at *1 (E.D.N.Y. May 3, 2023). While a party may, in some instances, be able to challenge a non-party subpoena, the moving party must satisfy a "heavy" burden of establishing personal privilege or right taking into consideration whether the information itself is private, confidential, privileged, or highly sensitive" before the Court may resolve the motion to quash. *See id.*; *see also Forsythe v. Midland Funding LLC*, No. 18CV03276ARRCLP, 2019 WL 245459, at *3 (E.D.N.Y. Jan. 17, 2019). In fact, VusionGroup itself recognizes this, noting that a party only has standing to quash a non-party subpoena where the party "asserts a claim of privilege," "has a sufficient privacy interest in the confidentiality of the records sought," or "seeks to protect a proprietary interest in the subpoenaed matter." DE [001-1] at 10 (internal citations and quotations omitted). VusionGroup, however, has failed to establish that any of these categories are met.

First, VusionGroup does not even assert that it has a claim of privilege in the subpoenaed materials. Thus, the first category is not satisfied.

Second, for the second and third categories, VusionGroup provides broad-sweeping, generic, assertions that fail to state with specificity how the requested documents contain VusionGroup's confidential and proprietary information. For example, VusionGroup asserts it has standing because it "has a personal right in all documents related to the 'Accused Products'" and "[a]ll of the information regarding the ESLs is VusionGroup's confidential and proprietary

information." DE [001-1] at 11. Not only are these arguments untrue, but, even if true, lack the specificity required to establish standing. *See Universitas Educ., LLC v. Nova Group, Inc.*, 2013 WL 57892, at *5 (S.D.N.Y. 2013) (denying a motion to quash on the basis of the moving party lacking standing where the party "made no attempt to establish any proprietary or other confidentiality-related interest it may have in the requested documents beyond a conclusory assertion that the subpoenas seek documents that are 'private, confidential, and commercially sensitive.'"); *see also Sky Medical Supply Inc. v. SCS Support Claim Services, Inc.*, 2017 WL 1133349, at *6 (E.D.N.Y., 2017).

VusionGroup's arguments that it has a personal right in all information sought by the subpoena lacks merit. While VusionGroup may provide some information regarding its product lines to P.C. Richard for consideration, the subpoena seeks information beyond this information. For example, it seeks information related to P.C. Richard's communications with third parties related to the E.D. Tex. Case, Hanshow, and/or the Asserted Patents. DE [001-3], Ex. 1 (Request Nos. 1-3). Additionally, it seeks information related to P.C. Richard's "internal evaluation and use" of the Accused Products including, but not limited to, "product selection and comparison analyses," P.C. Richard's "implementation and maintenance of the Accused Products," P.C. Richard's "financial arrangements regarding the Accused Products, including, but not limited to, . . . financial benefit analyses; [and] budget documents," and P.C. Richard's "preferences, desired attributes, specifications and requirements for . . . competitive ESL systems." *Id.* (Request Nos. 6-8, 10). Each of these categories of information is held entirely by P.C. Richard. VusionGroup has no personal right in this information and its broad-sweeping statements to the contrary ring hollow. *See Adomni, Inc. v. CT Media, LLC,* 2024 WL 4981510, at *2 (S.D.N.Y., 2024) (denying motion to quash for lack of standing because the moving party failed to show that the information sought

in the subpoena of a non-party was the moving party's confidential and propriety information).

Moreover, even if the subpoena does relate to some of VusionGroup's proprietary and confidential information, VusionGroup has failed to provide the specificity needed to satisfy the standing requirement. Instead, it makes overbroad and generalized assertions that all responsive documents contain VusionGroup's proprietary information, without ever explaining what that proprietary information encompasses. As specificity is required to establish standing, and VusionGroup provides no specific examples of the confidential or proprietary information it seeks to protect, VusionGroup has failed to meet its burden to establish standing. *Sky Medical Supply Inc.*, 2017 WL 1133349, at *6 (E.D.N.Y., 2017) (denying a motion to quash on the basis where the party made "sweeping allegations" that the information sought in the subpoena was private and failed to identify "specific portions" of the requested information that were proprietary or confidential).

Instead, VusionGroup provides strawmen argument related to the scope of the subpoena and its purpose. *See* DE [001-1] at 11-12. Not only do these arguments lack merit, but they are not VusionGroup's to make—should P.C. Richard have concerns regarding the scope of the subpoena, its relevance, or its purpose, it can raise those concerns with Hanshow. It has not done so yet.

VusionGroup also raises baseless assertions regarding the purpose of Hanshow's subpoena as an improper means to gather confidential information from a competitor. DE [001-1]at 12. This argument unfounded. Further, even if P.C. Richard produced information VusionGroup had designated as confidential, those materials could be produced pursuant to the confidentiality designations set forth in the E.D. Tex. Case's Protective Order. This is common in litigation. *See Hillerich & Bradsby Co. v. MacKay,* 26 F. Supp. 2d 124, 127-28 (D.D.C. 1998) (finding the protective order would safeguard the confidentiality of the information at issue and denying the

motion to quash the subpoena *duces tecum*); *Albany Molecular Research, Inc. v. Schloemer*, 274 F.R.D. 22, 26 (D.D.C. 2011) (same).

Accordingly, VusionGroup has failed to establish that it has any specific personal right to the information sought by Hanshow's subpoena and the Court should find that VusionGroup lacks standing to bring its Motion to Quash and deny on that basis alone.

**B. Hanshow's Definition of Accused Products Exclude Products that Do Not Operate in Conjunction with a Camera**

In its Motion, VusionGroup repeatedly takes issue with Hanshow's definition of the Accused Products, blatantly misinterpreting it to craft a theory of purported undue burden. There is no undue burden. To the contrary, the definition encompasses theBut scope of the Asserted Patents in the E.D. Tex. Case.

As discussed above, the Asserted Patents recite systems and methods that include cameras, but they are not directed to cameras alone. They also expressly recite shelf labels as well as other components. For example, claim 1 of the '272 Patent, is directed to a method that requires use of "a camera" to capture images for "detecting and reading content of a shelf label[,] … defining one or more product facing bounding boxes[,] … associating [] shelf label content[,] … cross-correlating the one or more product facing bounding boxes and one or more other product facing bounding boxes across one or more stores[,] … building training data based on the association [,] … using the training data to build a product classifier; and using the product classifier to classify an item as the product."[2] DE [001-3], Ex. 2 at 14:63-15:20. Similarly, claim 1 of the '321 Patent is directed to a "video surveillance system, comprising: one or more surveillance cameras[,] … an

---

[2] Claim 18 of the '272 Patent is directed to a system that, similarly, requires these additional components. *Id.* at 17:11-38.

object detection system[, and] … a video analytics system [that includes] … an object analysis system[.]" DE [001-3], Ex. 3 at 11:43-12:4.

In practice, these claims require components other than just the infringing Captana cameras, like shelf labels, which are expressly recited in the claims of the '272 patent. In short, VusionGroup offers an infringing system to its customers and this system consists of components other than the Captana cameras, like ESLs.. *STA Grp. LLC v. Motorola Sols., Inc.*, No. 2:23-CV-00030-JRG-RSP, 2023 U.S. Dist. LEXIS 219905, at *10 (E.D. Tex. Dec. 11, 2023) ("A patent owner need not limit its theory of infringement to a single product when it believes infringement is performed by the operation of multiple products together."). Hanshow's infringement contentions in the Eastern District of Texas confirm this as the entire system is accused of infringement. *See* DE [002-2], Ex. 5 (excerpts from '272 claim chart, at 11-12 identifying cameras for element [1A] but the Vusion digital shelf platform, not cameras, for element [1B]).

This scope is encompassed by , the definition of "Accused Products" provided in the subpoena and VusionGroup's twisted attempts to argue otherwise fall flat. Specifically, VusionGroup's entire argument is premised on a parsing of a single paragraph in the subpoena that defines "Accused Products." DE [001-1] at 15. But, when reviewed as written, the definition of "Accused Products" clearly seeks information related only to products that "compris[] a camera, or operat[] in conjunction with a camera . . ." DE [001-3], Ex. 1 at Definitions ¶ 9. As the plain language of the definition of "Accused Products" is clear, and not overbroad, Defendants' attempts to quash the subpoena on this basis should be rejected.

**C. P.C. Richard Likely Possesses Relevant and Responsive Information**

VusionGroup incorrectly asserts that Hanshow has no reason to believe that P.C. Richard has any relevant information because "P.C. Richard has never purchased the accused Captana camaras." DE [001-1] at 12. As explained above, VusionGroup's relevance argument is not

VusionGroup's argument to make, it is P.C. Richard's. Nevertheless, VusionGroup's argument fails for several reasons, even if P.C. Richard has not purchased any Captana cameras.

First, as VusionGroup recognizes, P.C. Richard purchased ESLs, which are relevant (as explained above). As the ESLs work with the Captana cameras, it is highly likely that VusionGroup at least offered the Captana cameras to P.C Richard. This offer for sale is directly relevant to the allegations Hanshow asserts in the E.D. Tex. Case.

Second, while VusionGroup compares Hanshow to the plaintiff in *Bavely*, and asserts that Hanshow's subpoena is nothing more than a fishing expedition, not only is VusionGroup incorrect but its reliance on *Bavely* is misplaced. In *Bavely* the plaintiff issued a subpoena encompassing thirty-seven years of documents in the "mere hope that Defendant admitted guilt to a third party." *Bavely, Tr. of AAA Sports, Inc. v. Panini Am. Inc.*, No. 4:22-CV-092, 2023 WL 3686806, at *7–9 (E.D. Tex. Jan. 27, 2023). That is not the case here. Here, Hanshow seeks, at most, seven years' worth of documents, as P.C. Richard first partnered with VusionGroup in 2018. Moreover, Hanshow is not hoping to find a "mere hope" of admission to guilt but information about VusionGroup's offering of its product line to P.C. Richard (responsive to Requests 4–5 and 8), in addition to P.C. Richard's internal analysis of such offers or future decisions to purchase Captana cameras (responsive to Requests 6, 7, 9, and 10). VusionGroup does not possess, nor does it have a right or interest in, any documents or communications reflecting P.C. Richard's internal evaluations of such offers and thus P.C Richard is the only party that Hanshow can seek this information from. If P.C. Richard did not receive offers for, or did not consider, purchasing VusionGroup's Captana camaras, that will be reflected in its production.

Third, even if P.C. Richard did not consider purchasing VusionGroup cameras, Hanshow seeks information related to P.C. Richard's purchase of other cameras for use with its ESLs, which

is responsive to at least Requests 6, 7, 9, and 10 and relevant to Hanshow's damages claims as it relates to the patented features driving sales and potential non-infringing alternatives in the market. *See In re Application Pursuant 28 U.S.C. § 1782 of Japan Display Inc. v. Tianma Am., Inc.*, No. 221MC00374CASMAAX, 2021 WL 5990191, at *13 (C.D. Cal. Oct. 1, 2021) (collecting cases where discovery into non-accused products is relevant, including non-infringing products). Further, this information is not in VusionGroup's possession, VusionGroup does not have a personal right or privilege in this information, and P.C. Richard is the only entity from which Hanshow can obtain this information.

The information Hanshow seeks is also relevant to reasonable royalties under the *Georgia-Pacific* Factors, and has particular relevance to Factor Nos. 6, 8, and 13, as discussed below. *American Technical Ceramics Corp. v. Presidio Components*, Inc., 490 F.Supp.3d 593, 611 (E.D.N.Y., 2020) (providing a listing of the 15 Factors); *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y., 1970).

For example, at a high level, *Georgia Pacific* Factor No. 6 relates to derivative or convoyed sales, No. 8 relates to profitability of the products under the patent and commercial success, and No. 13 relates to the portion of the profit related to the invention. *Georgia-Pacific Corp.* 318 F.Supp. at 1120. The information sought by Hanshow's Request No. 6, relates to these as it asks for "[d]ocuments sufficient to show [P.C. Richard's] internal evaluation and use of the Accused Products." Including "product selection and comparison analyses: and "cost-benefit analyses." ." Learning whether and why P.C. Richard did not purchase Captana cameras relates to whether, and the extent to which, ESLs are purchased for the benefit they provide on their own versus as part of infringing systems and/or methods that include Captana cameras as well as .the profitability and popularity of the patented systems and methods as a whole.

The information sought by Request no. 10 which asks for "[d]ocuments sufficient to show [P.C. Richard's] requests related to and its preferences, desired attributes, specifications, and requirements for the Accused Products and competitive ESL systems" is also relevant to *Georgia-Pacific* Factors 6, 8, and 13. For example, responsive documents could show why P.C. Richard wanted to purchase the ESLs and whether it requested any features related to the patented systems and methods. Learning whether there was a demand for any of the patented features is relevant to establishing how popular the patented invention is under *Georgia-Pacific* Factor 8. And learning whether there was a demand is also relevant to *Georgia-Pacific* Factors 6 and 13 as this demand analysis can help establish the extent that sales of the ESLs and their corresponding accessories are driven by a desire to use the ESLs within the patented systems or methods rather than non-infringing uses.

Moreover, and in addition to the above reasons the information requested from P.C. Richard is relevant, Hanshow also seeks information untethered from the Accused Products, like references to litigation, which would provide further insight into P.C. Richard's purchasing decisions and/or knowledge of the Asserted Patents. While VusionGroup argues that Hanshow's requests related to "this litigation," the "Asserted Patents," and patent owner "Hanshow" are irrelevant and overbroad "because they are not limited to the accused Captana camera products" and not "limited to the claims or defenses at issue," (DE [001-1] at 17) each of these items relates to Hanshow's claims of patent infringement. Whether P.C. Richard considered Hanshow's patents or the pending litigation in its decision (or future decisions) to not purchase the Captana cameras, and whether consideration of the patents or pending litigation influenced its decision to purchase other products instead, is relevant because these topics directly relate to Hanshow's claims of patent infringement, the scope of the patent claims, and whether the patented features drive sales,

which is relevant to damages. Moreover, this information may not be in VusionGroup's possession and would not implicate any privilege or right of VusionGroup's, as it seeks information related to P.C. Richard's internal documents and/or communications with third parties. This information is responsive to at least Requests 1–3.

Thus, not only is P.C. Richard in possession of responsive information, but the information sought is highly relevant regardless of whether or not P.C. Richard has purchased Captana cameras.

## IV. <u>Conclusion</u>

VusionGroup lacked standing to file a Motion to Quash under Rule 45(d)(3)(A)(iv) and does not articulate a basis to challenge the subpoena under Rule 45(d)(3)(A)(iii) or 45(d)(3)(B)(i). Regardless, VusionGroup's motion should be denied because the subpoena Hanshow served, when reasonably construed, does not subject P.C. Richard to undue burden and there is a protective order in place to safeguard any confidential VusionGroup information that may be responsive to the subpoena. Should the Court desire to transfer VusionGroup's Motion to Quash to the Eastern District of Texas for consolidation with its substantively identical Motion for Protective Order, Hanshow does not oppose.

Dated: New York, New York
May 13, 2025

By: /s/ *Evan Glassman*

Evan Glassman
**STEPTOE LLP**
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
E-mail: eglassman@steptoe.com

Katherine D. Cappaert (DC Bar No. 1019326; VA Bar No. 85386) (*pro hac vice* application forthcoming)
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-429-6230
kcappaert@steptoe.com

Mario Avaldi (IL Bar No. 6335519)*
**ARCH & LAKE LLP**
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
marioavaldi@archlakelaw.com

*Counsel for Hanshow Technology Co., Ltd. and Shanghai Hanshi Information Technology Co., Ltd.*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies, pursuant to Local Rule 7.1 of the United States District Court for the Eastern District of New York, that the OPPOSITION OF HANSHOW TECHNOLOGY CO., LTD. AND SHANGHAI HANSHI INFORMATION TECHNOLOGY CO., LTD., filed at DE [004], complies with the word-count limitations: it was prepared on a computer using Microsoft Word, and the total number of words in this brief, not including the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but including material contained in footnotes or endnotes, is 3,872.

Dated: New York, New York
May 13, 2025

By: */s/ Evan Glassman*

Evan Glassman
**STEPTOE LLP**
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
E-mail: eglassman@steptoe.com

*Counsel for Hanshow Technology Co., Ltd. and Shanghai Hanshi Information Technology Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 13th day of May, 2025, with a copy of this document via email. Additionally, I certify that counsel of record in *Hanshow Technology Co., Ltd. et al. v. VusionGroup SA et al.*, No. 23-cv-00617-RWS-RSP (E.D. Tex.) are being served concurrently with the filing of this document by email.

*/s/ Evan Glassman*
Evan Glassman
*Counsel for Hanshow Technology Co., Ltd. and Shanghai Hanshi Information Technology Co., Ltd.*